**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN KINFORD, | ) |
| Plaintiff, | ) |
| v. | ) 3:15-cv-00512-RCJ-WGC |
| JAMES PINCOCK et al., | ) **ORDER** |
| Defendants. | ) |

## I. DISCUSSION

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), originally submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 in the First Judicial District Court of the State of Nevada. (ECF No. 1-2). On October 13, 2015, Defendant James Pincock removed this case. (ECF No. 1). It appears from the documents and the removal statement that removal to federal court was proper. (ECF No. 7). On October 14, 2015, Defendant Pincock filed a motion to quash service of process and to dismiss. (ECF No. 3).

The Court ordinarily screens a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a). Both 28 U.S.C. § 1915A(a) and the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, mandate early judicial screening of prisoner complaints. *Jones v. Bock*, 549 U.S. 199, 213-14 (2007) (district courts must screen a prisoner's complaint "before any responsive pleading is filed"). When defendants file an answer or responsive pleading, such as a motion to dismiss, the need for screening is obviated. *See, e.g.*, *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (noting that the "purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding"); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (explaining that the PLRA's screening provision

was intended "to conserve judicial resources by authorizing district courts to dismiss nonmeritorious prisoner complaints at an early stage").

In this case, Plaintiff sues Defendants James Pincock, the Nevada Department of Corrections ("NDOC"), and the Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-2 at 2, 5). The NDOC and NNCC have not made appearances in this action. (*See* ECF No. 1 at 2). Even though the NDOC and NNCC have not filed responsive pleadings in this case, the Court finds that a screening order is unnecessary. First, Plaintiff cannot state claims against the NDOC or NNCC and, thus, the Court dismisses those defendants, with prejudice, as amendment would be futile.[1] Second, Pincock, the only viable defendant in this case, has responded to Plaintiff's complaint by filing a motion to quash service of process and to dismiss. (ECF No. 3). As such, this case shall proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure.

## II.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Court will not issue a screening order in this case.

IT IS FURTHER ORDERED that Defendants Nevada Department of Corrections and Northern Nevada Correctional Center are dismissed with prejudice from this case, as amendment would be futile.

///

///

///

///

---

[1] The Court dismisses all claims against the NDOC, with prejudice, as amendment would be futile. The NDOC is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010).
    The Court dismisses all claims against NNCC, with prejudice, as amendment would be futile. The NNCC is an inanimate building and not a person or entity subject to liability. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011) (finding that the Clark County Detention Center is a building not subject to liability).

IT IS FURTHER ORDERED that this case shall proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure.

DATED: March 30, 2016.

_____
United States District Judge