UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN KINFORD, | Case No. 3:15-cv-00512-RCJ-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: ECF Nos. 22 and 23 |
| JAMES PINCOCK, et. al., | |
| Defendants. | |

Before the court is Plaintiff's Motion for Leave to File an Amended Complaint. (Electronic Case Filing (ECF) No. 22.) Defendant Dr. Pincock filed a response. (ECF No. 24.) Plaintiff filed a reply (ECF No. 26.) Plaintiff subsequently filed a proposed amended complaint. (ECF No. 27.) He has also filed a Request to Have all Filings Electronically Forwarded to the New Defendants. (ECF No. 23.) Dr. Pincock filed a response to this request. (ECF No. 25.)

## I. BACKGROUND

Plaintiff filed a "Civil Tort Complaint" in the First Judicial District Court of the State of Nevada, in and for the County of Carson City on April 16, 2015. (ECF No. 1-2.) The complaint named Dr. Pincock, Nevada Department of Corrections (NDOC), and Northern Nevada Correctional Center (NNCC) as defendants. (*Id*.) It alleges that Dr. Pincock was negligent and/or deliberately indifferent in performing a surgery on Plaintiff's face in January 2009.

On October 13, 2015, Dr. Pincock removed the action to this court. (ECF No. 1.) The following day, Dr. Pincock filed a Motion to Quash Service of Process and to Dismiss. (ECF No. 3.) Plaintiff has filed a motion to strike Dr. Pincock's motion. (ECF No. 10.) Those motions will be addressed in a separate report and recommendation.

On March 31, 2016, District Judge Robert C. Jones dismissed NDOC and NNCC. (ECF No. 20.)

On April 14, 2016, Plaintiff filed this motion for leave to file an amended complaint, and then filed the proposed amended complaint on May 16, 2016. (ECF Nos. 22, 27.)

Plaintiff seeks leave to add parties to this action. (ECF No. 22 at 1.) He states that since filing the complaint and receiving Judge Jones' order dismissing NDOC and NNCC, he determined that he should have included NNCC Warden Baca and HDSP Warden Neven as defendants. (*Id*. at 2.)

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 15:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). Otherwise, amendment requires the other party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

The time to amend under Rule 15(a) has expired, and Plaintiff did not obtain the consent of the opposing party; therefore, Plaintiff properly seeks leave of court to amend his complaint.

Local Rule 15-1 requires a party seeking leave to amend to attach the proposed amended pleading to the motion seeking leave of court. LR 15-1(a). While Plaintiff did not initially attach the proposed amended complaint to the motion for leave, he subsequently filed it (ECF No. 27), and the court will consider it along with his motion.

While the court should freely give leave to amend when justice requires, leave need not be granted where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

In addition, the court is required to screen and dismiss any claim presented by a prisoner that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(a), (b)(1); 28 U.S.C. § 1915(e)(2)(B)(i),(ii).

1　　　　Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) and Section 1915A(b)(1) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

　　　　In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

　　　　A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

　　　　A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

///

///

### III. DISCUSSION

The proposed amended complaint, like the original, alleges that Dr. Pincock did not correctly perform a recommended facial surgery in January 2009, and that Dr. Pincock was negligent/committed malpractice and violated Plaintiff's Eighth Amendment right to adequate medical care. (ECF No. 27 at 5-6, 8-9.)

Insofar as Warden Baca is concerned, Plaintiff avers that due to a transfer "done by Warden Baca," Plaintiff lost his paying job within the prison system, lost personal property, had his level reduced, was placed in administrative segregation, and daily activities were changed. (ECF No. 27 at 3-4, 11.) Plaintiff also states that he has often had problems with NDOC staff due to his many medical problems. (*Id*. at 10.) He references his head injury and requests for pain medication, indicating that most of the time he was only given a small amount of ibuprofen. (*Id*.)

With respect to HDSP Warden Neven, Plaintiff alleges that when he was let off of the transfer bus, he was placed in the "hole," some of his property was taken, he has not been offered a job, and his level has been reduced. (*Id*. at 4.) He also states that in one attempt to transport him to see an outside provider in Las Vegas, the transport was not ready as there was no fuel and then the officers stopped at Taco Bell, making Plaintiff late for the appointment which was then cancelled. (*Id*.)

As to both Baca and Neven, Plaintiff asserts only a retaliation claim under the First Amendment. (*Id*. at 3, 4, 10.)

"Section 1983 provides a cause of action for prison inmates whose constitutionally protected activity has resulted in retaliatory action by prison officials." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Such a claim consists of five elements:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Jones*, 791 F.3d at 1035 (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

The proposed amended complaint suffers from various deficiencies insofar as Baca and Neven are concerned. Preliminarily, Plaintiff makes vague reference to filing grievances (ECF

No. 27 at 10) and the grievance process (ECF No. 27 at 12), but does not connect the asserted activity of Baca or Neven to any constitutionally protected activity on his part.

As to Baca, Plaintiff asserts that Baca approved his transfer to HDSP, but there are no *factual* allegations that the transfer was approved "because of" Plaintiff's protected conduct, that the action chilled the exercise of his First Amendment rights, or that the action did not reasonably advance a legitimate correctional goal.

With respect to Neven, Plaintiff indicates that he has lost privileges since moving from NNCC to HDSP, but makes no connection between the loss of privileges and any protected conduct on Plaintiff's part. In fact, he does not establish a link between the loss of privileges and any specific action taken by Warden Neven.  He alludes to a belief that his privileges were taken away for medical reasons (ECF No. 27 at 12), but does not explain how this fits into his retaliation claim. Again, he does not allege facts indicating that his First Amendment rights were chilled, or that action taken by Neven did not reasonably advance a legitimate correctional goal.

Insofar as he makes reference to officers stopping at Taco Bell while taking him to a medical appointment, these allegations do not give rise to any constitutional violation.

For these reasons, the court finds that Plaintiff's proposed amended complaint does not state colorable claims for relief against Baca or Neven. The court will address the sufficiency of the allegations against Dr. Pincock, which are the same as those asserted in the original complaint, in a separate report and recommendation assessing Dr. Pincock's motion to quash and dismiss the action. Therefore, the motion for leave to amend is denied; however, the denial is without prejudice such that Plaintiff will have one more opportunity to state a colorable claim against Neven and Baca.

### IV. CONCLUSION

(1) The motion for leave to amend (ECF No. 22) is **DENIED WITHOUT PREJUDICE**.  Plaintiff has one more opportunity to state a claim against Neven and Baca, but leave is only granted in that limited respect. Plaintiff may not amend the allegations as to Pincock as he has had sufficient time to do so.

(2) Plaintiff has **THIRTY** days from the date of this Order to file a second amended complaint to cure the deficiencies noted with respect to Baca and Neven. The amended complaint shall be complete in and of itself without reference to any previous complaint. Any allegations, parties or requests for relief from prior pleadings that are not carried forward in the amended complaint will no longer be before the court. Plaintiffs shall clearly title the amended pleading by placing the words "SECOND AMENDED COMPLAINT" on page 1 of the caption, and shall place the case number above that title. If Plaintiffs fail to file an amended complaint within thirty days, the action will not proceed against Baca and Neven.

(3) Plaintiff's request to have filings electronically served on the "new defendants" (ECF No. 23) is **DENIED AS MOOT**. If Plaintiff opts to file a second amended complaint, the court will address service on any new defendants at that time.

**IT IS SO ORDERED**.

DATED: June 9, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE