UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN KINFORD,<br><br>                                    Plaintiff,<br><br>       v.<br><br>JAMES PINCOCK, et. al.,<br><br>                                    Defendants. | Case No. 3:15-cv-00512-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF**<br>**U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Third Amended Complaint (ECF No. 64), which the court will screen pursuant to 28 U.S.C. § 1915A.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC). He filed a "Civil Tort Complaint" on April 16, 2015, in the First Judicial District Court of the State of Nevada against Dr. James Pincock, NDOC and Northern Nevada Correctional Center (NNCC). (ECF No. 1-2.) He alleged that he was in a serious motor cycle accident in 2004 that resulted in serious injury to his face, right femur and right knee, and necessitated reconstructive surgery and the installation of metal plates, screws and other materials in his body. (*Id.* at 6.) He has been in NDOC since 2008. (*Id.*) He complained of pain in his face in June 2008, and in December 2008, he was referred to Dr. Schlager, who recommended reconstructive repair/surgery. (*Id.* at 7.) On January 5, 2009, Dr. Pincock performed the surgery, possibly under contract with NDOC. (*Id.*) He avers that Dr. Pincock broke a metal screw and the broken piece was left in his face, and also failed to repair a metal plate in Plaintiff's face. (*Id.*) He contends that the negligence/malpractice caused

him great pain. (*Id.*) On April 27, 2011, Dr. Schlager performed a second surgery to correct what had occurred during Dr. Pincock's surgery. (*Id.*) Plaintiff asserted a denial of medical care under the Eighth Amendment, but also asserted that Dr. Pincock was negligent. (*Id.*)

Dr. Pincock removed the action to this court on October 13, 2015. (ECF No. 1.) Dr. Pincock moved to quash service and to dismiss the action. (ECF No. 3.) On March 31, 2016, District Judge Jones entered an order dismissing the complaint as to NDOC and NNCC. (ECF No. 20.)

On April 14, 2016, Plaintiff filed a motion for leave to file an amended complaint to add retaliation claims against NNCC's Warden Baca and High Desert State Prison's (HDSP) Warden Neven. (ECF Nos. 22, 27.) As to Warden Baca, Plaintiff alleged that due to a transfer he effectuated, Plaintiff lost his paying prison job, lost his personal property, had his level reduced, was placed in administrative segregation and his daily activities were changed. He also said he had problems with NDOC staff due to his many medical problems, referencing requests for pain medication. With respect to Warden Neven, he alleged that when he was let off of the transfer bus he was put in the "hole," some of his property was taken, he was not offered a job, and his level was reduced. He also referenced a medical appointment being cancelled when he was late due to the officers stopping at Taco Bell.

The court screened the proposed amended complaint pursuant to 28 U.S.C. § 1915A, and advised Plaintiff that to state a retaliation claim under 42 U.S.C. § 1983 he must allege that a state actor took adverse action against him because of protected conduct; that the action chilled his exercise of his First Amendment rights; and, the conduct did not reasonably advance a legitimate correctional goal. (ECF No. 30.) The court concluded that while Plaintiff made vague references to filing grievances and the grievance process, he did not connect the asserted activity of Warden Baca or Warden Neven to any constitutionally protected activity on his part. He asserted that Baca approved his transfer, but did not include facts that the transfer was approved because of his protected conduct, that the action chilled his exercise of his First Amendment rights, or did not reasonably advance a legitimate correctional goal. With respect to Warden Neven, he alleged losing privileges at HDSP, but made no connection between this loss of privileges and any protected activity (filing grievances). Therefore, the court denied the motion without prejudice on

June 9, 2016, and gave Plaintiff thirty days to submit a second amended complaint to state claims against Baca and Neven. (ECF No. 30 at 5-6.)

On the same date, the court issued a report and recommendation addressing Dr. Pincock's motion to quash/motion to dismiss. (ECF No. 31.) The court found that Plaintiff did not properly or timely serve Dr. Pincock. (*Id.* at 5.) While a dismissal under Federal Rule of Civil Procedure 4(m) is usually without prejudice, the undersigned found that additional grounds were present that justified dismissing the action with prejudice as to Dr. Pincock. First, the court concluded that the while Plaintiff made reference to the Eighth Amendment, he repeatedly stated that he was asserting a negligence/medical malpractice action, and the allegation that Dr. Pincock failed to remove a broken part of the screw in his face and failed to repair a plate in his face amounted to a negligence/malpractice claim and not deliberate indifference. Insofar as he attempted to state a negligence/medical malpractice claim, the court found Plaintiff failed to comply with Nevada Revised Statute 41A.071's requirement of filing an expert affidavit with a complaint, and in any event, the claim was barred by the statute of limitations. As a result, the court recommended that Dr. Pincock's motion be granted, and the case be dismissed with prejudice as to Dr. Pincock. The undersigned noted that the case should not be closed because Plaintiff had concurrently been given leave to amend to attempt to assert colorable claims against Wardens Baca and Neven.

Plaintiff filed his second amended complaint on July 5, 2016. (ECF No. 34.)

On July 8, 2016, District Judge Jones adopted the undersigned's report and recommendation, granted Dr. Pincock's motion to dismiss, and dismissed the action with prejudice. (ECF No. 36.) The order inadvertently overlooked the recommendation that the case be kept open for Plaintiff to amend with respect to Baca and Neven. Judgment was entered the same date. (ECF No. 37.)

Plaintiff appealed the order of dismissal to the Ninth Circuit Court of Appeals. (ECF No. 39.)

After filing the notice of appeal, Plaintiff filed a request for clarification, stating that he had filed a second amended complaint and asked whether Wardens Baca and Neven should have filed an answer. (ECF No. 51.) District Judge Jones treated the motion as a request for relief under

Rule 60(a), but the court had lost jurisdiction because of the filing of the appeal. (ECF No. 52.) District Judge Jones stated pursuant to Rule 62.1, if the appellate court were to remand for the limited purpose of addressing Plaintiff's motion, the court would rule that it made an oversight (as contemplated under Rule 60(a)) when it dismissed the action with prejudice and without leave to amend to make allegations of unlawful retaliation against the two wardens. (*Id.*)

On March 9, 2017, Plaintiff filed a motion for leave to file another amended complaint, attaching a proposed third amended complaint. (ECF Nos. 56, 56-1.) Dr. Pincock filed a response (ECF No. 57), and Plaintiff filed a reply (ECF No. 59).

On April 4, 2017, the Ninth Circuit remanded for the limited purpose of considering Plaintiff's Rule 60(a) motion. (ECF No. 61.) The appeal continued with respect to the claims against Dr. Pincock.

On April 12, 2017, District Judge Jones granted the motion for relief under Rule 60(a) (ECF No. 51); granted the motion for leave to file a third amended complaint (ECF No. 56); ordered the Clerk to file the Third Amended Complaint; and referred the Third Amended Complaint to the undersigned for screening pursuant to 28 U.S.C. § 1915A. (ECF No. 62.) The Third Amended Complaint was filed (ECF No. 63), and the court will now proceed with screening.

## II. LEGAL STANDARD

The court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "identify cognizable claims or dismiss the complaint, or any portion of the complaint" that is "frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under 28 U.S.C. § 1915A when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### III. DISCUSSION

The Third Amended Complaint continues to assert a claim against Dr. Pincock for negligence/deliberate indifference. That claim was already dismissed by District Judge Jones with prejudice, and is currently subject to Plaintiff's appeal; therefore, the court is without jurisdiction to consider the amended claim against Dr. Pincock. *See United States v. Thorp*, 655 F.2d 997, 998 (9th Cir. 1981) (citations omitted) (timely filing of proper notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal).

Insofar as the allegations against Wardens Baca and Neven are concerned, Plaintiff still

1  fails to state any claim upon which relief may be granted.

2  Once again, Plaintiff alleges that due to his transfer to HDSP by Warden Baca, he lost his

3  paying job with the book bindery. (ECF No. 63 at 3, 4.) He then states generally that he was

4  transferred because he filed grievances. (*Id*. at 5.) He later alleges that he has filed many

5  grievances, and NDOC is governed by Wardens Baca and Neven, and the grievances are rarely

6  returned on time or not at all. (*Id*. at 8.) Plaintiff references both the First Amendment and Eighth

7  Amendment, stating that his transfer for medical reasons was unwarranted. (*Id*.) He vaguely

8  references properly loss, stating that there were rules regarding what property he could have at

9  HDSP, but acknowledges the lost property was eventually replaced by the property sergeant at

10  NNCC. (*Id*. at 5-6.) He avers that when he got to HDSP his custody level was reduced, which

11  changed his daily activities. (*Id*. at 6.) He was no longer able to work at a prison job, but spent

12  his day watching television. (*Id*. at 7.) Again, he claims that his medical visits have been slow,

13  and one was cancelled due to the officer stopping at Taco Bell. (*Id*. at 8.)

14  To state a retaliation claim, Plaintiff must allege facts to the effect that a state actor took

15  some adverse action against an inmate because of the inmate's protected conduct; that the action

16  chilled the inmate's exercise of his First Amendment rights; and the action did not reasonably

17  advance a legitimate correctional goal. *See Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir.

18  2015) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

19  With respect to Warden Baca, Plaintiff alleges that he was responsible for Plaintiff's

20  transfer to HDSP. This, the court presumes, is the adverse action taken by Baca. The problem is

21  that while Plaintiff states that he filed many grievances and generally states that he was

22  transferred because he filed grievances, he does not allege any facts connecting Warden Baca to

23  the grievance filing, other than stating that Baca and Neven are Wardens and oversee the

24  institutions. He does not allege, for example, that Baca received any particular grievance of his

25  within a timeframe in close proximity to receipt of that grievance, ordered Plaintiff to be

26  transferred. He does not allege that any of the grievances he filed concerned Baca or that Baca

27  knew of such a fact. Nor does he allege that his transfer to HDSP chilled the exercise of his First

28  Amendment rights, i.e., his ability to file grievances or lawsuits. In the absence of facts

connecting the adverse action (the transfer) and the alleged protected conduct (filing grievances), Plaintiff has not included facts concerning the "because of" element of a retaliation claim. Therefore, the court concludes he fails to state a colorable retaliation claim against Warden Baca.

Insofar as Warden Neven is concerned, Plaintiff once again has not included factual allegations that Warden Neven stripped Plaintiff of his job, property and daily activities because of Plaintiff's protected activity (filing grievances). As the court noted with respect to Warden Baca, overseeing the institution by itself does not create a causal connection between Plaintiff filing unspecified grievances and a reduction in privileges at a transferee facility.

Finally, Plaintiff's vague comments regarding his health care and being late for appointments are insufficient to state an Eighth Amendment deliberate indifference claim.

In sum, the court recommends that the claims against Warden Baca and Neven be dismissed for failing to state a claim upon which relief may be granted. Plaintiff has been given several opportunities to amend his claims as to Warden Baca and Warden Neven; therefore, the court concludes that granting further leave to amend would be futile, and the dismissal should be with prejudice.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order as follows:

(1) The claims against Dr. Pincock have previously been dismissed by this court with prejudice, and in light of the pending appeal, the court is without jurisdiction to consider the claims asserted against Dr. Pincock in the Third Amended Complaint.

(2) The claims against Warden Baca and Warden Neven should be **DISMISSED WITH PREJUDICE**;

(3) The Request for Mediation (ECF No. 64) filed by Plaintiff on April 18, 2017 should be **DENIED AS MOOT**.

///

///

///

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: April 21, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE